J CLARK & ASSOCIATES, LLC
John E. Clark, Esq. (JEC #8138)
20 Church Street, Suite 15
Montclair, N.J. 07042
(973)-707-5346
jclark@jclarkassociates.com

McCUSKER, ANSELMI, ROSEN & CARVELLI, P.C.
Paul G. McCusker, Esq. (PGM #7235)
210 Park Ave., Suite 301
Florham Park, N.J. 07932
(973) 635-6300
pmccusker@marc-law.com



RECEIVED JAN 20 2011 U.S.D.C. S.D.N.Y. COMPLETED

Attorneys for Plaintiff, The Louis Berger Group, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **THE LOUIS BERGER GROUP, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**STATE BANK OF INDIA,**<br><br>*Defendant.* | Civil Action No.: _____<br><br>**COMPLAINT** |

Plaintiff, The Louis Berger Group, Inc. ("LBG"), by its attorneys, J Clark & Associates, LLC, and McCusker, Anselmi, Rosen & Carvelli, P.C., for its Complaint, hereby alleges as follows:

## INTRODUCTION

1. LBG brings this action against defendant to recover damages arising from the defendant's failure to pay upon an irrevocable standby letter of credit in the amount of $3,401,071.00 after plaintiff made a conforming demand for payment prior to the expiry date.

## PARTIES

2. LBG is corporation duly organized under the laws of the State of New Jersey, with its principal place of business located at 412 Mount Kemble Avenue, Morristown, New Jersey 07960.

3. Defendant, State Bank of India ("SBI") is, upon information and belief, a corporation duly organized under the laws of India, with a place of business located at 460 Park Avenue, New York, New York 10022.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 *U.S.C.* § 1332, as there is complete diversity of citizenship between the plaintiff and defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has supplemental jurisdiction in this matter pursuant to 28 *U.S.C.* § 1367.

5. This Court has personal jurisdiction over defendant by virtue of, among other things, the defendant maintaining a place of business in New York, New York.

## VENUE

6. Venue is proper in the Southern District of New York pursuant to 28 *U.S.C.* § 1391(a) and (c) by virtue of, among other things, the defendant maintaining a place of business within the Southern District of New York.

## BACKGROUND FACTS
*The Underlying Construction Contract Dispute*

7. On or about September 29, 2006, LBG entered into a contract with the United States Agency for International Development ("USAID") to improve the infrastructure of Southern Sudan, then a semi-autonomous region of Sudan, a nation state located in Africa.

8. Under the contract between USAID and LBG, one of the infrastructure projects was the improvement of a 192 kilometer road leading from the Southern Sudanese capital of Juba to Nimule, a city near the border with Uganda (the "J/N Road").

9. The J/N Road construction project was divided into three sections of 55-70 kilometers each and each section was bid out separately, *i.e.*, three separate contracts were awarded for the completion of the project.

10. On or about April 30, 2009, LBG awarded two separate contracts to Progressive Constructions Limited ("PCL"), a construction company incorporated under the laws of the nation of India, to construct Section 1 (KM 0-55) and Section 2 (KM 55-125) of the J/N Road (collectively, the "Contracts").

11. The Contracts between LBG and PCL required PCL to post guarantees for performance under the Contracts.

13. The Contracts between LBG and PCL expressly provided that any and all disputes arising out of the subcontracts were to be determined by way of binding arbitration pursuant to

the rules of the American Arbitration Association ("AAA"), which arbitration was to be governed by the laws of the State of New Jersey and was to take place in Morristown, New Jersey.

14. The Contracts between LBG and PCL expressly provided that:

> **This contract shall be construed and interpolated (sic) in accordance with the substantive laws of the State of New Jersey and the applicable laws of the United States of America. By execution of this contract [PCL] expressly agrees to waive any rights to invoke jurisdiction of local national courts… and agrees to accept the exclusive jurisdiction of the state and federal courts of New Jersey, USA.**

*The Performance Guarantee / Irrevocable Standby Letter of Credit*

15. Pursuant to its contractual obligations to post guarantees, PCL caused an irrevocable standby letter of credit to be issued by SBI in favor of LBG as performance security for Section 1 of the J/N Road Contract.

16. On or about October 1, 2009, SBI issued Letter of Credit No. 77609FG000225 in the amount of USD $3,401,071.00.

17. SBI's Letter of Credit No. 77609FG000225 identifies plaintiff LBG as the beneficiary.

18. SBI's Letter of Credit No. 77609FG000225 has an expiry date of January 10, 2012.

19. SBI's Letter of Credit No. 77609FG000225 expressly provides that: "[W]e, State Bank of India, 460 Park Avenue, New York, NY 10022 USA, hereby irrevocably undertake to pay you, the beneficiary/employer, any sum or sums not exceeding in total the amount of USD 3,401,071.00" upon the presentation of a conforming demand by LBG.

20. SBI's Letter of Credit No. 77609FG000225 expressly provides that it is governed by UCP 600 and the laws of the State of New York.

21. SBI's Letter of Credit No. 77609FG000225 was issued in the United State of America and sent to LBG's offices in Washington, D.C.

22. SBI's Letter of Credit No. 77609FG000225 was not issued in India and is not governed by Indian law.

### *PCL's Default Under the Contracts*

23. After LBG awarded the two subcontracts to PCL, contrary to its obligations under the Contracts, PCL never properly commenced the Contract work, failing to meet schedule milestones mandated by the Contracts. Among other things, PCL did not timely commence and complete construction of temporary facilities, failed to mobilize necessary equipment and manpower, and failed to make timely submittals of schedules and other information mandated by the Contracts.

24. Consistent with its obligations under the Contracts, on several occasions LBG provided PCL with notice of PCL's Contract deficiencies.

25. On September 9, 2009, LBG declared PCL in default of the two Contracts.

26. On September 22, 2009, LBG sent a Rate of Progress letter to PCL noting that the equipment delivered to the job site were not operational and that four months into the project, PCL had failed to complete mobilization.

27. On October 21, 2009, after PCL had failed to fully mobilize or begin work on either section of the J/N Road, LBG declared PCL in breach of both Contracts and communicated that it intended to expel PCL from the project.

### *PCL Makes Ex Parte Application for Injunction in India to Prevent LBG from being Paid on the Letters of Credit in the U.S.A.*

28. Despite the express requirement of the Contracts that any and all disputes involving the construction of the J/N Road were to be arbitrated in New Jersey, U.S.A. under the auspices of the AAA, and despite its express waiver of "its rights to invoke jurisdiction of local national courts", PCL went to court in India seeking relief under the Indian Arbitration and Conciliation Act and obtained an *ex parte* preliminary injunction against the payment of SBI Letter of Credit No. 77609FG000225 to LBG.

29. In the documents submitted to the Indian Court by PCL in furtherance of its application for an *ex parte* preliminary injunction, upon information and belief, PCL omitted those sections of the Contracts that specified arbitration was to occur in New Jersey, U.S.A., and also omitted those sections that stated PCL agreed to accept the exclusive jurisdiction of the state and federal courts of the State of New Jersey.

30. The *ex parte* preliminary injunction obtained by PCL in India was procured improperly in an effort to, *inter alia*, prevent the payment to LBG in the U.S.A. of SBI Letter of Credit No. 77609FG000225.

### *PCL Has Also Initiated Arbitration in the United States*

31. After obtaining the *ex parte* preliminary injunction in India purporting to prevent payment of the Letter of Credit, PCL initiated AAA arbitration in New Jersey.

32. Given that SBI's obligation to pay Letter of Credit No. 77609FG000225 to LBG is independent of any contractual dispute between LBG and PCL involving the construction of the J/N Road, PCL's action of filing for and obtaining the *ex parte* order from the Indian court

constitutes bad faith in that PCL is using the Indian courts as both a shield and a sword to improperly prevent SBI from paying Letter of Credit No. 77609FG000225 to LBG.

### *SBI Has Refused to Honor the Letter of Credit*

33. On December 24, 2010, LBG presented a conforming demand for payment upon SBI seeking payment of $3,401,071.00 under Letter of Credit No. 77609FG000225.

34. On January 4, 2011, SBI communicated to LBG that it would not pay on Letter of Credit No. 77609FG000225 due to the Indian Court's *ex parte* injunction obtained by PCL.

35. SBI has not communicated that LBG's December 30, 2010 presentation for payment upon Letter of Credit No. 77609FG000225 was non-conforming.

## FIRST COUNT

### (Specific Performance)

36. LBG repeats and repleads each of the allegations contained above as if fully set forth herein.

37. By reason of the foregoing, SBI has breached its agreement to pay LBG upon LBG's demand under Irrevocable Standby Letter of Credit No. 77609FG000225.

38. LBG has been damaged thereby in the amount of $3,401,071.00.

## SECOND COUNT

### (Breach of Contract)

39. LBG repeats and repleads each of the allegations contained above as if fully set forth herein.

40. By reason of the foregoing, SBI has breached the terms and conditions of Irrevocable Standby Letter of Credit No. 77609FG000225.

41.  LBG has been damaged thereby in the amount of $3,401,071.00 together with lost interest and fees and costs incurred by LBG relating to said irrevocable standby letter of credit and incurred by LBG to recover the amount due from SBI.

**WHEREFORE**, plaintiff The Louis Berger Group, Inc., demands judgment for specific performance and in the amount of USD $3,401,071.00 together with all costs incurred relating to the aforesaid irrevocable standby letter of credit and relating to recovery of the money owed it by SBI, including counsel fees, together with interest, the costs of this action and such other and further relief as the Court may deem equitable and just.

Attorneys for Plaintiffs, The Louis Berger Group, Inc.:

J CLARK & ASSOCIATES, LLC
20 Church Street, Suite 15
Montclair, N.J. 07042
(973)-707-5346
jclark@jclarkassociates.com

_____
By: John E. Clark, Esq.

*- and -*

McCUSKER, ANSELMI, ROSEN & CARVELLI, P.C.
210 Park Ave., Suite 301
Florham Park, N.J. 07932
(973) 635-6300
pmccusker@marc-law.com

_____
By: Paul G. McCusker, Esq.

Dated: 20 January 2011