

**MOSES & SINGER LLP**

ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2011

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

David M. Rabinowitz
Direct: 212.554.7815
drabinowitz@mosessinger.com

February 11, 2011

**VIA FACSIMILE - (212) 805-6382**

Hon. Victor Marrero
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007



RECEIVED
FEB 14 2011
CHAMBERS OF
JUDGE MARRERO

Re:   The Louis Berger Group, Inc. v. State Bank of India
      Docket No.: 1:11-CV-00410-VM

Dear Judge Marrero:

We are counsel to State Bank of India, New York Branch ("SBI"), the issuer of the letter of credit at issue in this case. SBI's main interest in this case is that the case be decided in one forum where all interested parties are present in order to avoid inconsistent results, such as SBI being ordered in New York to pay The Louis Berger Group ("Berger") and being ordered in India not to pay Berger. SBI's view is that this case should be stayed pending either the outcome of the case in India, where all interested parties are present, or alternatively, the outcome of the arbitration in New Jersey, which will determine the fraud issue that is the key to this case.

Background. There are four interested parties in this matter, although only three are parties here: Berger, Progressive Construction Limited ("Progressive"), SBI and State Bank of India, Hyderabad ("SBI Hyderabad").[1] The SBI letter of credit at issue here was issued at Hyderabad SBI's request, acting on behalf of Progressive. SBI Hyderabad would be responsible to reimburse SBI if the letter of credit were paid and, in turn, would be entitled to reimbursement from Progressive.

Berger apparently expelled Progressive from Berger's construction project. Progressive filed its case in India in November, 2009. When that case began, the Indian Court enjoined any payment under the letter of credit via an order called a "Status Quo Order." All four interested parties have appeared in the Indian case, although Berger says that it appeared only to contest jurisdiction. The two SBI parties objected to the Status Quo Order, but the Indian Court has continually extended that Order from time to time. Berger attempted to draw on the SBI letter of credit in December, 2010. In obedience to the Indian Order, SBI refused to pay.

The New Jersey arbitration has been pending since at least October, 2010. That arbitration will resolve Progressive's fraud claim, which is Progressive's ground for resisting payment of the letter of credit and obtaining the Status Quo Order in India.

---

[1] While SBI and SBI Hyderabad are legally part of the same entity, bank branches are treated as separate entities under letter of credit law for most purposes. UCP 600, Article 3: "Branches of a bank in different countries are considered to be separate banks." N.Y.U.C.C. §5-116(b): "For the purpose of jurisdiction, choice of law, and recognition of interbranch letters of credit, but not enforcement of a judgment, all branches of a bank are considered separate juridical entities ...." (emphasis added)
860153v1  013115 0101

## MOSES & SINGER LLP

Hon. Victor Marrero
February 11, 2011
Page 2

Prior Actions Pending. A federal court may stay or dismiss a case before it in deference to actions pending in foreign countries. While there is a presumption against such abstention, a stay or dismissal may be appropriate depending upon the totality of the circumstances, including "the similarity of the parties, the similarity of the issues, the order in which the actions were filed, the adequacy of the alternate forum, the potential prejudice to either party, the convenience of the parties, the connection between the litigation and the United States, and the connection between the litigation and the foreign jurisdiction." *Graf von Spee v. Graf von Spee*, 514 F. Supp. 2d 302, 317 (D. Conn. 2007), citing *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir. 2006); see also *Bank of America v. Sharim, Inc.*, 2010 U.S. Dist. LEXIS 131624, at *10-15 (S.D.N.Y. 2010) (state court proceeding).

All of the four interested parties are parties to the Indian action, but not here. We are not aware of a basis for jurisdiction over SBI Hyderabad here. The Indian Court is therefore a better forum for ultimate resolution of all of the issues after the New Jersey arbitration resolves Progressive's fraud claim, as expected. In addition, proceeding with this action while the Indian case is still undecided could put this Court in the undesirable position of ordering what the Indian Court has forbidden: that SBI pay Berger on the letter of credit.

Furthermore, Progressive has the right, and has exercised the right, to arbitrate its fraud claim. Proceeding with the instant case now would either deny Progressive a chance to prevent payment under the letter of credit on grounds of fraud, because that issue is still in arbitration, or force Progressive, in order to protect its interests, to prosecute its fraud claim in this Court despite its right to proceed by arbitration. Of course, if Progressive has to prosecute its fraud claim here, this Court would be adjudicating the same fraud issue as the New Jersey arbitration, a waste of Court resources.

Berger's Arguments. Regarding the Indian action, Berger argues that: (1) the independence principle separating a letter of credit from the underlying transaction whose performance the letter of credit secures prevents Progressive from interfering with payment under the letter of credit, and (2) the Indian Court cannot take jurisdiction of the controversy between Berger and Progressive.

Letter of Credit Cases. Berger's argument based on the independence principle under letter of credit law acknowledges the exception to that principle when fraud by the beneficiary is involved. "The 'fraud in the transaction' defense marks the limit of the generally accepted principle that a letter of credit is independent of whatever obligation it secures." *Rockwell Int'l Sys., Inc. v. Citibank, N.A.*, 719 F.2d 583, 589 (2d Cir. 1983). *Accord First Commercial Bank v. Gotham Originals, Inc.*, 64 N.Y.2d 287, 295, 486 N.Y.S.2d 715, 719 (1985); N.Y.U.C.C. §5-109(b). Berger argues that this Court should reject out of hand Progressive's fraud claim as a defense to the letter of credit. SBI takes no position on the merits of Progressive's fraud claim except to submit that the Court should leave the fraud issue to the New Jersey arbitration and stay any action on the letter of credit until conclusion of that arbitration. SBI's credit remains available to Berger should Berger win in New Jersey.

Propriety of Indian Venue. Although the arbitration clause between Berger and Progressive calls for arbitration in New Jersey, that clause says nothing about jurisdiction over

859784v2 013115.0101

## MOSES & SINGER LLP

Hon. Victor Marrero
February 11, 2011
Page 3

actions in aid of arbitration. We are aware of no rule requiring actions in aid of arbitration (or concerning arbitration awards) to be brought in the same jurisdiction as the arbitration. As noted above, the Hyderabad Court may be the only forum where Progressive can get jurisdiction over all parties.

The exclusive jurisdiction clause in the Berger-Progressive agreement does not expressly specifically cover actions in aid of arbitration and does not specify what it does cover. Courts construe contractual choice of forum clauses narrowly, and do not construe such clauses to cover controversies that they do not expressly cover. *Finance One Public Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 334-35 (2d Cir. 2005), *cert. den.*, 548 U.S. 904 (2006); *see also Altvater Gessler v. Sobieski*, 572 F.3d 86, 90-91 (2d Cir. 2009).

In the Berger-Progressive agreement, the choice of forum clause follows immediately the choice of law clause, in the same paragraph. The choice of law clause covers only "construction and interpretation" of the agreement between Berger and Progressive. It has been held that such a clause does not cover related tort claims, such as fraud. *Id.* With the choice of forum clause here being of unspecified scope and being part of the choice of law clause, a reasonable interpretation would be that its scope is co-extensive with the choice of law clause. If so, it does not cover the fraud claim in this case and does not prevent Progressive from bringing an action in aid of arbitration based on fraud in India (or filing claims here).

Finally, a defendant sued abroad who disputes personal jurisdiction abroad and loses is bound by that determination and may not re-litigate the foreign court's jurisdiction in the United States. Restatement (Third) of Foreign Relations Law §482, comment 3; *Sprague & Rhodes Comm. Corp. v. Instituto Mexicano Del Café*, 566 F.2d 861, 863 (2d Cir. 1977); *Somportex, Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 441 (3d Cir. 1971), cert. den., 405 U.S. 1017 (1972). If the Court in India rejects Berger's objection to jurisdiction, Berger could not relitigate the jurisdictional issue here.

Conclusion. For these reasons, we respectfully request that SBI be permitted to move the Court to stay this case pending the resolution of the prior actions in India and New Jersey.

Respectfully,

David Rabinowitz

cc: John E. Clark, Esq. (via Fax and Email)
Paul G. McCusker, Esq. (via Fax and Email)
Gregory A. Horowitz, Esq. (via Fax and Email)

SO ORDERED. Plaintiff and intervenors are directed to respond by 2-17-11, by letter not to exceed 3 pages, to the request of defendant set forth herein.

DATE 2-14-11    VICTOR MARRERO, U.S.D.J.

859784v2 013115.0101