USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2011

KRAMER LEVIN NAFTALIS & FRANKEL LLP

GREGORY A. HOROWITZ
PHONE 212-715-9571
FAX 212-715-7571
GHorowitz@KRAMERLEVIN.COM

February 11, 2011



**BY HAND**

The Honorable Victor Marrero
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States
   Courthouse
500 Pearl Street
New York, New York 10007

    Re:   *The Louis Berger Group, Inc. v. State Bank of India*,
          (No. 1:11-cv-00410-VM)

Dear Judge Marrero:

    We represent Progressive Constructions Ltd. ("PCL"), which has moved to intervene in the above referenced matter. We write to respond to the letter submitted by The Louis Berger Group, Inc. ("LBG") to this Court on February 4, 2011. As explained below, PCL agrees with LBG that venue is proper in the Southern District of New York, but will be moving for an order from this Court maintaining the status quo and staying further proceedings pending completion of the arbitration, the results of which will necessarily moot this action.

<u>Background</u>

    On November 9, 2009, a court of competent jurisdiction in India issued an order enjoining State Bank of India ("SBI") from making payment on a letter of credit issued on behalf of PCL, for the benefit of LBG, as performance security on a contract for construction of a road in Southern Sudan. PCL has since commenced arbitration in New Jersey seeking damages against LBG for wrongful termination of that contract. Through the present action, LBG now seeks a judgment compelling SBI to violate the injunction of the Indian court.

    LBG does so not because it has any immediate need for the funds; it has vast assets and waited more than a year before attempting to cash the letter of credit, doing so only after PCL filed its arbitration demand. Nor is LBG concerned about the credit risk in the highly implausible event that it receives a judgment against PCL on its arbitration counterclaims; the letter of credit on its terms remains in effect through January 2012, by which time the arbitration will be concluded. Rather, LBG, knowing that encashment of the letter of credit would inflict irreparable injury on the ongoing business of PCL (an Indian contractor with more modest assets), is attempting to coerce PCL into abandoning its valuable meritorious arbitration claims.

1177 AVENUE OF THE AMERICAS    NEW YORK NY 10036-2714    PHONE 212.715.9100    FAX 212.715.8000    WWW.KRAMERLEVIN.COM
ALSO AT 47 AVENUE HOCHE    75008 PARIS FRANCE

KL3 2815310.2

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable Victor Marrero
February 11, 2011
Page 2

## The Doctrine of Independent Contracts

LBG asserts that the doctrine of independent contracts renders the issue before this Court entirely distinct from the contract issues subject to arbitration. As LBG itself acknowledges, however, there is an important exception to the independence doctrine, codified in § 5-109 of the New York Uniform Commercial Code, which expressly authorizes a court of competent jurisdiction to enjoin an issuer from honoring the presentation of a letter of credit if failure to do so "would facilitate a material fraud by the beneficiary on the . . . applicant." N.Y.U.C.C. § 5-109. *See also Nostrum Laboratories, Inc. v. Martec USA, LLC*, 2009 WL 6318144 at * 6 (N.Y. Sup. March 3, 2009). An "applicant claiming fraud can thus enjoin a bank's payment on a letter of credit – despite the strong policy opposing such 'prior restraint.'" *Hyosung America, Inc. v. Sumagh Textile Co., Ltd.*, 25 F.Supp.2d 376, 385 (S.D.N.Y. 1998).

LBG fails to mention that it was upon precisely this ground – fraudulent inducement of the letter of credit – that the Indian court granted the injunction LBG now seeks to evade. LBG speciously attempts to brush aside an imagined "breach of contract claim couched in 'fraud' terms." Having participated in numerous hearings in the Indian proceeding LBG is fully aware that PCL has alleged far more than mere breach of contract. In the Indian court, PCL has alleged with particularity that LBG acted fraudulently in obtaining the letter of credit – and LBG has failed to contest these allegations, which PCL stands ready to prove.[1]

PCL's allegations fall squarely within the fraud exception codified in § 5-109. Specifically, PCL alleges that LBG wrongfully threatened to terminate the contract if PCL failed to immediately deliver the letter of credit, even though PCL's obligation to post such security had not yet ripened under the contract. LBG further falsely represented that, if PCL delivered the letter of credit, LBG would remain committed to the contract and act reasonably on a proposed modified work plan. Thus threatened and induced, PCL procured the letter of credit at great expense. LBG actually flew a representative to India to collect the letter of credit, then promptly declared a default under the contract – clearly a premeditated plan. Such conduct falls squarely with the fraud exception codified in § 5-109. *See e.g. Mid-America Tire, Inc. v. PTZ Trading, Ltd.*, 95 Ohio St. 3d 367, 374 & 390, 768 N.E.2d 619, 626 & 639 (2002) (enjoining demand on a letter of credit where the beneficiary, a tire broker, induced the applicant to provide a letter of credit securing the purchase of less lucrative winter tires by falsely promising that it would offer to sell the applicant more lucrative summer tires if the letter of credit was tendered).

---

[1] Contrary to LBG's assertion, it did not appear specially in India solely to contest jurisdiction, but has participated fully in those proceedings. For example, in a December 16, 2009, "Counter" submitted to the Indian court in opposition to PCL's request for an extension of the injunction LBG argued that PCL had failed to make a prima facie showing of fraud and irretrievable injury. The Indian court did not accept that contention, nor did it accept LBG's argument that the court lacked subject matter jurisdiction.

1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000   WWW.KRAMERLEVIN.COM
ALSO AT 47 AVENUE HOCHE   75008 PARIS FRANCE

KL3 2815310.2

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable Victor Marrero
February 11, 2011
Page 3

### Comity

LBG asserts that this Court should accord no weight to the injunction lawfully entered by the Indian court because that injunction is supposedly contrary to the public policy of this State. To the contrary, it is "not against the public policy of New York State or the United States" to enjoin letters of credit where "the underlying transaction is subject to a court proceeding based upon fraud, the beneficiaries of the Letter of Credit are alleged to have been parties to the fraud, and the beneficiaries are demanding immediate payment." *Sabolyk v. Morgan Guaranty Trust Co.*, 1984 WL 1275 at *4 (S.D.N.Y. Nov. 27, 1984). "There is as much public interest in discouraging fraud as in encouraging the use of letters of credit." *Dynamics Corp. of America v. Citizens and Southern National Bank*, 356 F.Supp. 991, 1000 (N.D. Ga. 1973). LBG's cases are not on point as none involved allegations of fraud.[2]

Finally, LBG argues that the Indian court lacked jurisdiction to enjoin payment on the letter of credit because "PCL expressly agreed that any action *involving its construction contract* with LBG would be brought only in NJ and be subject to US and NJ law." (Emphasis added). We note that this argument is squarely contrary to LBG's simultaneous assertion that its rights under the letter of credit are wholly independent from the underlying construction contract and therefore not subject to arbitration. LBG cannot have it both ways.

### Conclusion

We have welcomed the opportunity to provide the Court with this brief letter introducing PCL's position in this matter. For the reasons set forth above, PCL will be filing an appropriate motion asking the Court to grant PCL's motion to intervene, issue an order maintaining the status quo pending arbitration, and staying all further proceedings in this matter pending the conclusion of that arbitration, which will necessarily moot this action obviating the need for any further burden on this Court.

---

[2] *Cantrade Privatebank AG v. Bangkok Bank Public Co.*, 256 A.D.2d 11, 11 (1st Dept. 1998) (expressly distinguishing facts at issue from cases involving an accusation of fraud in the transaction); *Banco Nacional De Mexico, S.A. v. Societe Generale*, 34 A.D.3d 124, 132 (1st Dept. 2006) (expressly finding no allegation or issue of fact as to a fraud-in-the-transaction defense); *J Zeevi & Sons, Ltd. v. Grindlays Bank, Ltd.*, 37 N.Y.2d 220, 224 (1975) (giving no deference to a directive of the Ugandan Ministry of Finance ordering that foreign exchange allocations in favor of Israeli companies and nationals should be canceled).

1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000   WWW.KRAMERLEVIN.COM
ALSO AT 47 AVENUE HOCHE   75008 PARIS FRANCE

KL3 2815310.2

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable Victor Marrero
February 11, 2011
Page 4

Respectfully submitted,

Gregory A. Horowitz (GAH-0797)

GAH:
Attachment

cc (by e-mail): John E. Clark, Esq.
  Andrew Anselmi, Esq.
  Paul G. McCusker, Esq.
  David Rabinowitz, Esq.

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by _Progressive Constructions Ltd_.
>
> **SO ORDERED.**
>
> 2-14-11
> DATE        VICTOR MARRERO, U.S.D.J.

1177 Avenue of the Americas   New York NY 10036-2714   Phone 212.715.9100   Fax 212.715.8000   www.kramerlevin.com
ALSO AT 47 Avenue Hoche   75008 Paris France

KL3 2815310.2