UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
THE LOUIS BERGER GROUP, INC.,                      :
                                                   :        11-CV-00410-VM
                                  Plaintiff,       :
            - against -                            :
                                                   :
STATE BANK OF INDIA,                               :
                                                   :
                                  Defendant,       :
                                                   :
PROGRESSIVE CONSTRUCTIONS LIMITED,                 :
                                                   :
                         Proposed Intervenor.      :
------------------------------------------------------------------ x

MEMORANDUM OF DEFENDANT, STATE BANK OF INDIA,
IN SUPPORT OF MOTION OF PROGRESSIVE CONSTRUCTIONS LIMITED
<u>TO INTERVENE AND FOR A STAY</u>

Defendant, State Bank of India, New York Branch ("SBI"), supports the motion of Progressive Constructions Limited ("Progressive") to intervene as a party in this action and to stay this action pending the outcome of the arbitration in New Jersey between Progressive and plaintiff, The Louis Berger Group ("Berger"). In addition, this action should not proceed until the final determination of the action between all of the relevant parties pending in India.

Progressive's Motion to Intervene

This action was brought to compel payment under the subject letter of credit. Progressive alleges that the letter of credit was procured by fraud and that allowing payment under the letter of credit would result in a material fraud on Progressive.

An applicant for a letter of credit is entitled to seek to enjoin honor of a presentation under a letter of credit if honor of the presentation would facilitate a material fraud by the beneficiary on the issuer or applicant. N.Y.U.C.C. §5-109(b). SBI takes no position on whether or not Progressive entitled to relief under this theory. However, SBI agrees that Progressive is entitled, because of its legitimate interest in asserting its rights, if any, under N.Y.U.C.C. §5-109(b), to intervene as a party in this action.

Berger has previously acknowledged, as it must, that fraud by the beneficiary is an exception to the independence principle under letter of credit law. "The 'fraud in the transaction' defense marks the limit of the generally accepted principle that a letter of credit is independent of whatever obligation it secures." *Rockwell Int'l Sys., Inc. v. Citibank, N.A.*, 719 F.2d 583, 589 (2d Cir. 1983). *Accord First Commercial Bank v. Gotham Originals, Inc.*, 64 N.Y.2d 287, 295, 486 N.Y.S.2d 715, 719 (1985); N.Y.U.C.C. §5-109(b). Hence, Progressive is a proper party to this case despite the independence principle under letter of credit law.

Motion for a Stay

SBI joins in Progressive's motion for a stay pending determination of the arbitration in New Jersey, for the reasons given by Progressive.

In addition, as the Court knows, there is also an action pending in India where all parties are present and payment under the letter of credit has been, in substance, enjoined. To avoid the danger of conflicting orders to SBI as to whether to pay or not to pay under the letter of credit, as well as the danger of conflicting adjudications in the New Jersey arbitration and this case, the Court should stay this action pending the outcome of the case in India, as well as the arbitration in New Jersey.

Of the four parties interested in this matter, only three are parties here: Berger, Progressive, and SBI.. The SBI letter of credit at issue here was actually issued at the request of State Bank of India, Hyderabad ("SBI Hyderabad"), which is not a party here or in the New Jersey arbitration.[1] SBI Hyderabad would be responsible to reimburse SBI if the letter of credit were paid and, in turn, would be entitled to reimbursement from Progressive.

A federal court may stay a case before it in deference to actions pending in foreign countries. While there is a presumption against such abstention, a stay may be appropriate depending upon the totality of the circumstances, including "the similarity of the parties, the similarity of the issues, the order in which the actions were filed, the adequacy of the alternate forum, the potential prejudice to either party, the convenience of the parties, the connection between the litigation and the United States, and the connection between the litigation and the

---

[1] While SBI and SBI Hyderabad are legally part of the same entity, bank branches are treated as separate entities under letter of credit law for most purposes. UCP 600, Article 3: "Branches of a bank in different countries are considered to be separate banks." N.Y.U.C.C. §5-116(b): "For the purpose of jurisdiction, choice of law, and recognition of interbranch letters of credit, but not enforcement of a judgment, all branches of a bank are considered separate juridical entities ...." (emphasis added)

foreign jurisdiction." *Graf von Spee v. Graf von Spee*, 514 F. Supp. 2d 302, 317 (D. Conn. 2007), citing *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir. 2006); see also *Bank of America v. Sharim, Inc.*, 2010 U.S. Dist. LEXIS 131624, at *10-15 (S.D.N.Y. 2010) (state court proceeding).

All of the four interested parties are parties to the Indian action, but not here. We are not aware of a basis for jurisdiction over SBI Hyderabad here. The Indian Court is therefore a better forum for ultimate resolution of all of the issues after the New Jersey arbitration resolves Progressive's fraud claim, as expected. In addition, proceeding with this action while the Indian case is still undecided could put this Court in the undesirable position of ordering what the Indian Court has forbidden: that SBI pay Berger on the letter of credit.

The agreement between Berger and Progressive does not bar the jurisdiction of the Indian Court. Although the arbitration clause between Berger and Progressive calls for arbitration in New Jersey, that clause says nothing about jurisdiction over actions in aid of arbitration, like the action in India. We are aware of no rule requiring actions in aid of arbitration (or concerning arbitration awards) to be brought in the same jurisdiction as the arbitration. The Court in India may be the only forum where Progressive can get jurisdiction over all parties.

The exclusive jurisdiction clause in the Berger-Progressive agreement does not expressly specifically cover actions in aid of arbitration and does not specify what it does cover. Courts construe contractual choice of forum clauses narrowly, and do not construe such clauses to cover controversies that they do not expressly cover. *Finance One Public Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 334-35 (2d Cir. 2005), cert. den., 548 U.S. 904 (2006); see also *Altvater Gessler v. Sobieski*, 572 F.3d 86, 90-91 (2d Cir. 2009).

In the Berger-Progressive agreement, the choice of forum clause follows immediately the choice of law clause, in the same paragraph. The choice of law clause covers only "construction and interpretation" of the agreement between Berger and Progressive. It has been held that such a clause does not cover related tort claims, such as fraud. *Id.* With the choice of forum clause here being of unspecified scope and being part of the choice of law clause, a reasonable interpretation would be that its scope is co-extensive with the choice of law clause. If so, it does not cover the fraud claim in this case and does not prevent Progressive from bringing an action in aid of arbitration in India.

Finally, a defendant sued abroad who disputes personal jurisdiction abroad and loses is bound by that determination and may not re-litigate the foreign court's jurisdiction in the United States. Restatement (Third) of Foreign Relations Law §482, comment 3; *Sprague & Rhodes Comm. Corp. v. Instituto Mexicano Del Café*, 566 F.2d 861, 863 (2d Cir. 1977); *Somportex, Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 441 (3d Cir. 1971), *cert. den.*, 405 U.S. 1017 (1972). If the Court in India rejects Berger's objection to jurisdiction, Berger could not relitigate the jurisdictional issue here and would be bound by the determination in India.

## CONCLUSION

For these reasons, we respectfully request that Progressive be permitted to intervene in this action and that the Court stay this case pending the resolution of the prior arbitration in New Jersey and the prior action in India.

Dated: New York, New York
      April 1, 2011

Respectfully submitted,

MOSES & SINGER LLP
Counsel for Defendant, State Bank of India,
New York Branch

By: /s/ David Rabinowitz
    David Rabinowitz, Esq.
    Michael Evan Avidon, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 554-7800
Fax: (212) 554-7700