

# J CLARK
## & ASSOCIATES
### ATTORNEYS AT LAW

jclark@jclarkassociates.com
*Reply to: MONTCLAIR*
*Direct Dial: 973-206-5788*

*Via Facsimile*

July 29, 2011

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/11
```

Hon. Victor Marrero, U.S.D.J.
United States Courthouse
Chambers Suite 660
500 Pearl St.
New York, NY 10007-1312

Re:  The Louis Berger Group, Inc. v. State Bank of India
      Docket No.: 1:11-CV-00410-VN

Dear Judge Marrero:

This office represents plaintiff, The Louis Berger Group, Inc. ("LBG"), in the above referenced action. On July 20, 2011, counsel for defendant, State Bank of India – New York ("SBI-NY"), sent correspondence to the Court enclosing an Order entered by Judge Guzman staying proceedings in the Northern District of Illinois (the "Chicago Action") pending either resolution of the Indian court action or the AAA arbitration between LBG and PCL in New Jersey. SBI-NY then requested that this Court stay these proceedings. The gravamen of Judge Guzman's Order was that he did not want to make a ruling inconsistent with either the Indian courts or the AAA arbitration.

Since Judge Guzman entered his Order, the appellate court in India has indicated that it is about to enter an order on PCL's appeal taken from the Indian trial court's decision finding that the Indian courts do not have jurisdiction and rejected PCL's fraud claim. All parties understand that the Indian appellate court order will be issued within the next two weeks. Further, after Judge Guzman entered his Order, the AAA entered an Order denying a motion made by PCL to enjoin encashment of the SBI-NY letter of credit. A copy of the AAA Order is annexed hereto. Given the AAA Order and the pending decision by the Indian appellate court, SBI-NY's request that this matter be stayed should be denied.

LBG requests that the Court take no action pending the issuance of the Indian appellate court order. Should the Indian appellate court uphold the Indian trial court, both SBI-NY and PCL, having argued that the Indian courts' orders must be afforded comity,

Hon. Victor Marrero
Page 2 of 4

should be estopped from arguing any issues decided by the Indian courts. LBG has consistently maintained that the Indian courts had no jurisdiction to enjoin payment of the letters of credit. If the Indian appellate court reverses the Indian trial court and permits an injunction under the Indian Arbitration and Conciliation Act, LBG should be permitted to brief the issue of whether comity should be extended to a foreign court order, based on application of the foreign jurisdiction's law, which affects payment of a letter of credit issued in New York, payable in New York and expressly subject to New York law.

Rather than file a motion seeking a stay, SBI-NY has requested a stay in a letter written to the Court[1]. Although SBI-NY has not filed a motion, there is a motion presently pending before the Court that was filed by PCL on April 1, 2011, seeking to intervene and to stay these proceedings. PCL argues in its motion that comity should be extended to the Indian courts, which courts had enjoined encashment of the letters of credit, that encashment of the letter of credit should be left to the AAA arbitration in New Jersey and that LBG "fraudulently" induced PCL to perform its pre-existing contractual obligation to provide a letter of credit as performance security for its obligations under the construction contract. The Indian trial court entered an Order stating, among other things, both that it had no jurisdiction and that there was no fraud that would prevent payment of the letters of credit. As stated above, the Indian appellate court has indicated that a decision has been made and the parties expect to receive that decision within the next two weeks.

PCL also argued in its intervention motion that the AAA should decide if the SBI-NY letter of credit should be encashed. LBG opposed this position arguing that under the NY UCC and the UCP that the letter of credit was independent of the underlying construction contract for which it provided security. *See UCC § 5-103(d); UCP Article 3(a); Venizelos, S.A. v. Chase Manhattan Bank*, 425 F.2d 461, 464-65 (2nd Cir. 1970). Upon learning that the Indian appellate court was about to render a decision, and it appearing that the injunction entered by the Indian appellate court was about to be vacated, PCL then made a motion to the AAA panel for an injunction restraining payment of the SBI-NY letter of credit. The AAA denied PCL's motion.

In its intervention motion, PCL also argued that the letter of credit should not be paid because of "fraud". While fraud is a recognized exception to the general rule that the obligation to pay a letter of credit is independent of any dispute on the underlying

---

[1] In the event this Court is inclined to entertain SBI-NY's informal application, LBG requests that the Court set a briefing schedule where the issues can be more fully briefed.

Hon. Victor Marrero
Page 3 of 4

contract, the cases hold that such fraud must be so substantial that it voids the entire transaction. *Banque Worms v. Banque Commerciale Privee*, 679 F.Supp. 1173, 1182 (S.D.N.Y. 1988). Here, PCL has fabricated a new theory of fraud in every forum it has appeared in. Once a fraud claim is defeated, PCL morphs the claim into a new and different allegation. Before the Indian trial court, PCL alleged that LBG had lost $50 million when Nile Bank became insolvent and that LBG obtained the letters of credit from PCL to either recoup some of its losses or that LBG sought the letters of credit because it did not have enough money to pay PCL's first progress payment (which was never made). That claim was expressly rejected by the Indian trial court in its Order dismissing PCL's lawsuit.

Before the AAA, PCL advanced a wholly new fraud theory. In its AAA claim petition, PCL alleged that LBG fraudulently sought to obtain the letters of credit because the US AID Office of the Inspector General had issued a report that criticized LBG and that LBG needed a scapegoat and to recoup cost overruns. In its Order denying PCL's motion for an injunction restraining payment of the letters of credit, the AAA stated that PCL had failed to establish that it did not have an obligation to provide the SBI-NY letter of credit, that LBG had induced PCL into providing the letter of credit or that the alleged fraud should prevent payment of the SBI-NY letter of credit.

The only common thread throughout PCL's ever-morphing fraud saga is that each of PCL's fraud claims is patently frivolous and a transparent attempt to defeat the well-settled rule that a letter of credit must be paid prior to, and regardless of, the adjudication of any underlying contract dispute.

PCL, not content with one bite at the apple (before the Indian trial court), sought a second (before the Indian appellate court) and third (before the AAA arbitration panel) bite at the apple. PCL has failed to get what it wants in its three prior attempts. PCL seeks a fourth bite at the apple. Before this Court, PCL has alleged that although it was already obligated to provide a letter of credit, it believes that LBG made it provide the letter of credit too soon and that it is fraud to make someone perform too early. PCL does not allege that there was a fraud that induced it into entering in the construction contract. Rather, PCL alleges that it did not have to provide the letter of credit until after it had made a request for a progress payment – and that if it never performed any of its obligations under the contract there could be no requirement for it to provide performance security. Six months into an eighteen month contract, when PCL had yet to complete mobilization of personnel and equipment and had yet to begin any construction, LBG demanded PCL cure its defaults including the failure to provide performance security. PCL cured some defaults and not others. LBG then expelled them

Hon. Victor Marrero
Page 4 of 4

from the project. Before this Court, PCL makes the patently frivolous claim that it was a fraud for LBG to demand, among other things, that PCL comply with its pre-existing contractual duty to provide performance security. PCL's claim is nothing more than a breach of contract claim clothed in fraud terms and made only to frustrate payment of the letter of credit. *See Cauble v. Mabon Nugent & Co.*, 594 F.Supp. 985, 993 (S.D.N.Y. 1984) (A fraud "action cannot be predicated solely upon promissory statements relating to future acts which constitute the contractual obligations themselves; the failure to perform such promises of future acts is actionable in a suit for breach of contract, not fraud.").

SBI-NY has requested in correspondence that this Court follow Judge Guzman's lead and restrain payment of the letter of credit. However, as Judge Guzman's own Order makes plain, it was made to avoid inconsistent results with the Indian courts and the AAA arbitration panel. Judge Guzman expressly provided that he would re-address the stay within thirty days of either the Indian appellate court or the AAA rendering a decision. The latter has already done so. The former is expected to do so within the next two weeks. It is therefore respectfully requested that the Court take no action on SBI-NY's letter request for a stay pending arbitration for the next two weeks so that before this Court makes an Order, it may have the benefit of the Indian appellate court decision.

Respectfully submitted,

John E. Clark (JEC #8138)

Enclosure

cc: David Rabinowitz, Esq.
Gregory A. Horowitz, Esq.

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff.

**SO ORDERED.**

7-29-11

DATE          VICTOR MARRERO, U.S.D.J.

AMERICAN ARBITRATION ASSOCIATION

Re: 50 110 T 00673 10

Progressive Constructions Limited

and

The Louis Berger Group, Inc.

## MEMORANDUM AND ORDER ON PROGRESSIVE'S MOTION ENJOINING THE ENCASHMENT OF TWO LETTERS OF CREDIT PENDING RESOLUTION OF A REQUEST FOR A PERMANENT INJUNCTION

Progressive Constructions Limited ("PCL") requests that, based on an allegation by PCL of fraud in the inducement to obtain the letters of credit, the Arbitrators enjoin the encashment of two letters of credit ("LOC") provided by PCL pending resolution of PCL's request for permanent injunction relief on the LOCs from the Arbitrators. Having considered the Parties' submissions, the Arbitrators find and order as follows:

The U.S. District Court for the Northern District of Illinois, Eastern Division, issued an order granting the LOC issuing bank's motion to stay proceedings for the enforcement of one of the LOCs until an Indian Court's injunction was lifted and/or the resolution of the fraud allegations in this arbitration. As a result, the Arbitrators find that this issue is moot, and the Arbitrators will take no further action until the Panel issues its award or the court alters its Order.

As to the second LOC, the Parties have not supplied any information regarding the status of the court proceedings. The Arbitrators find that the information submitted by PCL in support of its motion to enjoin is inadequate for the Arbitrators to conclude that a failure to enjoin the encashment of the second LOC would result in irreparable harm and that, if PCL prevails on the fraud issue, it cannot be made whole through an

1

award of damages. In addition, the Arbitrators find that PCL has failed to show that there is substantial likelihood of success on its claim that it was not required to provide an LOC and that it was induced to do so by LGG's fraud and that the alleged fraud should prevent the enforcement of the LOC issued by LBG.

For the above reasons, the Arbitrators take no action on the first LOC and deny PCL's motion to stay as it relates to the second LOC without prejudice to resubmit the issue to the Arbitrators upon the submission of more evidence at or before the scheduled hearings.

Date: July 22, 2011

_____
Judith B. Ittig

_____
B. Christopher Lee

_____
Adrian L. Bastianelli III

2